May Term, 1854.

THE NEW-ALBANY AND SALEM RAILROAD COMPANY v. PICKENS.

--------

## THE NEW-ALBANY AND SALEM RAILROAD COMPANY v. PICKENS.

By an instrument in writing the subscribers agreed to take the number of shares, of 50 dollars each, annexed to their names, in the capital stock of the *New-Albany and Salem Railroad Company*, to extend the road from *Bloomington* to *Gosport*, and pay the same in fifteen instalments of, &c., per share, the first instalment to be paid on, &c., and one instalment every two

May Term,
**1854.**

THE NEW-
ALBANY AND
SALEM RAIL-
ROAD COM-
PANY
v.
PICKENS.

months thereafter till the whole was paid. The defendant subscribed his name, and put opposite thereto "4 shares, 200 dollars." There was a provision in the charter of the company that the company should have power "to demand at such time and in such proportion as they shall see fit, the sums of money due by stockholders on their respective money subscriptions of stock, under pain of forfeiture of the shares of their stock, and all previous payments," &c., "or sue therefor, and recover the amount due in an action of assumpsit, at their option." In a suit by the company for instalments due,

*Held,* that the time for the payment of the instalments having been fixed by the contract, no demand of payment was necessary before suit.

*Held,* also, that it was not incumbent upon the company, before suit, to elect either to exact a forfeiture or sue for the money, and notify the defendant thereof.

*Held,* also, that a readiness to extend the road from *Bloomington* to *Gosport* was not a condition to the payment of the instalments.

*Monday,*
*June* 12.

ERROR to the *Putnam* Circuit Court.

DAVISON, J.—Assumpsit. The declaration alleges that the defendant, on the 27th of *September*, 1849, made a certain note in writing in this form: "We, the subscribers, agree to take the number of shares, of fifty dollars each, annexed to our names, in the capital stock of the *New-Albany and Salem Railroad Company*, for the purpose of extending said road from *Bloomington* to *Gosport*, and pay the same in fifteen instalments of three dollars and thirty-three cents per share; the first of which instalments is to be paid on the 1st of *July*, 1850, and one instalment every two months thereafter until the whole is paid." To this note the defendant subscribed his name, and opposite thereto annexed four shares, 200 dollars. It is averred that on the 1st of *April*, 1852, eleven instalments on each share of the stock subscribed by the defendant, in all amounting to 146 dollars and 52 cents, were due and payable, &c.; of all which, &c., the defendant had notice, &c., by means whereof, &c.

Demurrer to the declaration sustained, and judgment given for the defendant. Two objections are relied on in support of the demurrer. 1. That the declaration does not allege a demand of payment of the instalments. 2. There is no averment of readiness on the part of the company to construct the road from *Bloomington* to *Gosport*.

The defendant cites a section in the plaintiff's charter

which provides that the company shall have power "to demand at such time and in such proportion as they shall see fit, the sums of money due by stockholders on their respective money subscriptions of stock, under pain of forfeiture of the shares of their stock, and all previous payments thereon, to the said association, or sue therefor, and recover the amount due in an action of assumpsit, at their option." Acts of 1842, p. 7, s. 19.

This provision confers upon the corporation power to demand money due by stockholders at such time, &c., as the company shall see fit; but in this case, the contract itself, in point of law, dispenses with the necessity of such demand. The note sued on shows specifically the amount of each instalment and the time of payment. The rule is well settled, if not elementary, that where the time of payment is fixed, no demand of payment before suit is required.

But it is said, "that the company must make their election either to exact a forfeiture or sue for the money, and of that election the defendant was entitled to notice." No reason or authority has been adduced in support of the position just stated, nor do we know of any. The defendant was clearly in default, by his failure to pay the instalments within the periods stipulated. The plaintiff was bound to pursue one of the remedies pointed out in her charter. She has done so by the commencement of this suit. There is nothing in the transaction that required the company to notify the defendant of the remedy she was going to adopt.

The second objection is also untenable. The entire consideration for the defendant's promise was the four shares of capital stock in the company, and it is to be intended that he had become a stockholder to that amount. It is true, the contract, upon its face, states that the money subscribed was to be applied in the construction of the road between certain designated points; but the language used, viz., "for the purpose of extending the road from *Bloomington* to *Gosport*," raised no condition to the payment of the instalments.

It appears to us that the defendant, over his own default in furnishing means for the purpose, would have no right, in his defence to this action, to set up the plaintiff's want of readiness to commence the work. 9 Johns. R. 217.— 11 Ired. 53.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Cowgill*, for the plaintiffs.

*J. A. Matson*, for the defendant.